

**-- COPY RECEIPT --**

**E-Portal Order Number: 13271620**

**07/06/2015 09:16:41**

**Service Information**

CaseName: Carrie Harlow VS McDonalds Corporation

CaseNumber: 15000311GCAXMX

Filing #: 29259716

Memo:

**Payment Amount**

Amount: $410.00

Service Fee: $12.30

Total: $422.30

**Credit Card Info**

Name on Card: Denise P Lubliner

Card Number: ***********

There is a non-refundable 12.30 fee per transaction to provide this service.
This service fee is charged by MyFloridaCounty.com. The Clerk's office does not keep any part of this fee.
Your Credit Card Statement will display the vendor name of MyFloridaCounty.com for billing details.
For information on refunds or for general inquiries, please call customer support on (877) 326 8689.

**EXHIBIT**

tabbies

A

## IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR HIGHLANDS COUNTY, FLORIDA

CARRIE HARLOW,

      Plaintiff,                         Case No.:
                                           Division:

vs.

MCDONALD'S CORPORATION.,
D/B/A MCDONALD'S
a Foreign Corporation,

      Defendant.
_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint in this law-suit on defendant MCDONALD'S CORPORATION

      c/o  Registered Agent

PRENTICE-HALL CORPORATION SYSTEM, INC.

1201 HAYES ST

STE 105

TALLAHASSEE, FL 32301

DATED on _____

  CLERK OF THE CIRCUIT COURT

(SEAL)

      (Name of Clerk)

      As Clerk of the Court

By ._____

As Deputy Clerk

## **IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the ―Plaintiff/Plaintiff's Attorney‖ named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente.

 Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

copia de su respuesta a la persona denominada abajo como ―Plaintiff/Plaintiff's

Attorney‖ (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer unereponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis

ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au ―Plaintiff/Plaintiff's Attorney‖ (Plaignant ou a son avocat) nomme ci-dessous.

Plaintiff/Plaintiff's Attorney

Denise Puckett Lubliner, Esquire
Lubliner Law Firm, LLC.

Address:  P.O. Box 130276

            Tampa, FL 33681

            Florida Bar No.:  949701

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR HIGHLANDS COUNTY, FLORIDA

CARRIE HARLOW,

      Plaintiff,                        Case No.:
                                      Division:

vs.

MCDONALD'S CORPORATION,
D/B/A MCDONALD'S
a Foreign Corporation,

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a suit for damages and injunctive relief under the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.*

### JURISDICTION

2. This is an action for damages that exceeds $15,000.00, exclusive of costs, interest and attorney's fees.

3. The unlawful employment practices alleged below were committed within Higlands County, Florida.

4. Plaintiff is a citizen of the United States and was employed by McDonald's Corporation (hereinafter referred to as McDonald's).

5. Plaintiff resides in Highlands County, Florida and has at all times material hereto resided in Highlands County, Florida.

6. Plaintiff worked for Defendant's restaurant for approximately ten (10) years (approximately three (3) years of which were at the same location) until she was unlawfully terminated on or about July 16, 2013.

7. Plaintiff held the position of certified swing manager.

8. Plaintiff had informed her Defendant, through its agents, on many occasions that her spouse was seriously ill and was suffering from esophageal and stomach cancer.  She informed Defendant's agents that her husband was terminally ill. These included three (3) upper level managers beyond her immediate supervisor.

9. Plaintiff was terminated on July 16, 2014, supposedly since she was a "no call/no show" or alternatively due to a cash register discrepancy. Plaintiff was told both reasons at different times by her employer, the Defendant. The reason(s) given for Plaintiff's termination were false and pretextual.

10. On July 7, 2013, Plaintiff's supervisor, Serena Lloyd, moved Plaintiff to work overnights. Plaintiff objected to this move and stated to Ms. Lloyd that she "could not work overnights to due [her] husband's health and his medical treatment.

11. Only July 7, 2013, Plaintiff told her supervisor, Serena Lloyd, that she needed a leave of absence to take care of her husband. Ms. Lloyd, acting as an agent of the Defendant, told Plaintiff that, "we don't do that."

12. Subsequently, Plaintiff was required to take on additional work that other managers were not required to do. These tasks included, but were not limited to, handling the safe, moving shifts, and floor shop.

13. Additionally, Plaintiff's hours were cut back after she requested leave.

14. Plaintiff was also accused by her employer of "no call/no show" on a day she had in fact worked.

15. A member of Defendant's human resources team told Plaintiff, "you are not dependable, you have too many issues."

16. Plaintiff has complied with all conditions precedent prior to bringing this action.

## COUNT I: UNLAWFUL RETALIATION AND/OR INTEREFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601 ET SEQ.

17. Plaintiff realleges and incorporates paragraphs 1 through 16 above.

18. At all times material hereto, Defendant employed 50 or more workers within a 75 mile radius. Plaintiff was also employed within that 75 mile radius, had work for Defendant for at least twelve (12) months, and had worked at least 1250 hours within the twelve (12) months preceding her request for leave. Plaintiff is therefore eligible for FMLA coverage.

19. Before her termination, Plaintiff had asserted her rights under FMLA. She requested leave and it was denied to her.

20. The fact that Plaintiff asserted her FMLA rights was a substantial motivating factor in Defendant's decision to terminate her employment.

21. This conduct was in retaliation for Plaintiff's request for leave under FMLA and/or in order to interfere with Plaintiff's exercise of rights pursuant to FMLA.

22. With regard to the unlawful retaliation and interference described above, Defendant acted willfully and in bad faith such that Plaintiff is entitled to liquidated damages in an amount equal to her lost wages.

23. As a result of the above actions, Plaintiff has suffered damages.

24. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee.

25. Plaintiff has suffered and continues to suffer grave and severe damages to her financial welfare, loss of dignity, loss of wages, loss of fringe benefits, and mental anguish, all by reason of Defendant's unlawful and discriminatory disparate treatment against the Plaintiff.

## PRAYER FOR RELIEF

A. Judgment for her back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would have been entitled, and all the value of all fringe benefits she would have received, had she not been discriminatorily discharged;

B. Judgment for her front pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would have been entitled.

C. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;

D. Punitive damages;

E. Injunctive relief to ensure that other employees of Defendant who are similarly situation are provided with the protections afforded by the Family Medical Leave Act;

F. Reinstatement;

G. Prejudgment interest;

H. Liquated damaged;

I. An award of reasonable attorney's fees, interest, and all costs incurred herein; and

J.   Such other damages and relief as may be just, equitable, and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury trial on all issues herein triable by jury.

Dated this 6th day of July, 2015.


LUBLINER LAW FIRM, LLC.


<u>/s/ Denise Puckett Lubliner</u>
Denise Puckett Lubliner, Esquire
Attorney for the Plaintiff

UNOFFICIAL DOCUMENT

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HIGHLANDS</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Carrie Harlow</u>
Plaintiff
vs.
<u>McDonalds Corporation</u>
Defendant

II. **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

<u>1</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Denise P Lubliner</u>        FL Bar No.: <u>949701</u>
     Attorney or party                                              (Bar number, if attorney)

<u>Denise P Lubliner</u>        <u>07/06/2015</u>
     (Type or print name)                    Date